UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **OTIS HALL** | **CIVIL ACTION NO. 19-1181** |
| | **SECTION P** |
| **VS.** | |
| | **JUDGE TERRY A. DOUGHTY** |
| **LAURIE REIS BRISER, ET AL.** | **MAG. JUDGE KAREN L. HAYES** |

### REPORT AND RECOMMENDATION

Plaintiff Otis Hall, who proceeds pro se and in forma pauperis, filed the instant proceeding on September 9, 2019, under 42 U.S.C. § 1983. He names the following defendants: Judge Laurie Reis Briser, Probation Officer Chris Cagnolatti, Madison Parish Detention Center, and Department of Corrections.[1] For reasons that follow, the Court should dismiss Plaintiff's claims.

### Background

In his initial pleading, Plaintiff writes: "false arrest and false imprisonment/abuse of power refuse of medical care. [sic]." [doc. # 1, p. 4]. He alleges that, due to his false arrest, he became sick. *Id.* at 5. He was then refused medical care and (presumably later) was hospitalized and underwent surgery. *Id.* Plaintiff initially sought $1,000,000.00. *Id.* at 4.

Plaintiff filed an amended pleading on November 12, 2019. [doc. # 11]. He seeks $1,500,000.00 from Judge Briser, claiming that she signed an arrest warrant on May 14, 2019, based on lies she heard from Plaintiff's probation officer. *Id.* at 1. Plaintiff also claims that

---

[1] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636 and the standing orders of the Court.

Judge Briser either fined him or confined him for two days for failing to appear in court. *Id.* Plaintiff suggests that he could not appear in court because he was already incarcerated. *Id.*

Plaintiff seeks $1,500,000.00 from Probation Officer Chris Cagnolatti, claiming that Cagnolatti falsely arrested him on June 7, 2019, for a technical probation violation. *Id.* Plaintiff maintains that Cagnolatti should not have arrested him because he did not commit a "criminal act that is subsequently proven to be [a] felony." *Id.* at 1-2.

Plaintiff seeks $10,000,000.00 from Madison Parish Correctional Center, claiming that it is responsible for failing to provide adequate medical care for his hemorrhoids. *Id.* at 2. Plaintiff suffered from hemorrhoids on July 3, 2019, but he was not treated until August 5, 2019. *Id.*

Finally, Plaintiff seeks $2,000,000.00 from the Department of Corrections, claiming that it is responsible for unlawfully confining him for forty days. *Id.* at 2.

## Law and Analysis

**1. Preliminary Screening**

Because Plaintiff is proceeding in forma pauperis, his Complaint is subject to screening under § 1915(e)(2). Section 1915(e)(2)(B) provides for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. Courts are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Id.*

A complaint fails to state a claim on which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); accord *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). Plausibility does not equate to possibility or probability; it lies somewhere in between. *Id.* Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *Twombly*, 550 U.S. at 556.

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal, supra.* A well-pled complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable and that recovery is unlikely. *Twombly, supra*.

Likewise, a complaint fails to state a claim on which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. In making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). However, the same presumption does not extend to legal conclusions. *Iqbal, supra.* A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id.* "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp*, 632 F.3d 148, 152-53 (5th Cir. 2010). Courts are "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the

3

complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991).

"To state a section 1983 claim, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (internal quotation marks omitted). Consistent with the standard above, a "[S]ection 1983 complaint must state specific facts, not simply legal and constitutional conclusions." *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990).

**2. Louisiana Department of Public Safety and Corrections**

Plaintiff seeks $2,000,000.00 from the Department of Corrections. Liability under 42 U.S.C. § 1983 only applies to "person[s]" who deprive others of rights secured by the Constitution. "[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Likewise, the Louisiana Department of Public Safety and Corrections is not a "person" under Section 1983. *Washington v. Louisiana*, 425 F. App'x 330, 333 (5th Cir. 2011) ("The State and DPSC are not persons . . . ."); see *Carrere v. May*, 2016 WL 6684796, at *2 (W.D. La. Sept. 9, 2016), report and recommendation adopted, 2016 WL 6684247 (W.D. La. Nov. 14, 2016) ("[T]he Louisiana Department of Corrections, a state agency, is not a 'person' within the meaning of 42 U.S.C. § 1983."). Here, accordingly, the Court should dismiss Plaintiff's claims against the Louisiana Department of Public Safety and Corrections.

4

**3. Judge Laurie Reis Briser**

"Judicial immunity is an immunity from suit and not just from the ultimate assessment of damages." *Ballard v. Wall*, 413 F.3d 510, 515 (5th Cir. 2005). It "applies even when the judge is accused of acting maliciously and corruptly . . . ." *Pierson v. Ray*, 386 U.S. 547, 554 (1967). It "extends to all judicial acts which are not performed in the clear absence of all jurisdiction." *Kemp ex rel. Kemp v. Perkins*, 324 Fed. App'x. 409, 411 (5th Cir. 2009) (citing *Adams v. McIlhany*, 764 F.2d 294, 297 (5th Cir. 1985)). There are only two exceptions: (1) non-judicial actions, i.e., actions not taken in the judge's judicial capacity; and (2) lawsuits challenging actions taken in the complete absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11 (1991).

"In determining whether an action is judicial, a court looks to the nature of the act itself; that is, whether the challenged act is a function normally performed by a judge." *Id.* Courts consider four factors: (1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity. *Ballard*, 413 F.3d at 515. "These factors are broadly construed in favor of immunity." *Id.* "Immunity may be applied even if one or more of these factors is not met." *Morrison v. Walker*, 704 F. App'x 369, 373 (5th Cir. 2017).

Here, Plaintiff claims that Judge Briser signed an arrest warrant on May 14, 2019, based on lies she heard from Plaintiff's probation officer. Signing an arrest warrant is, however, an act

normally performed by a judge. *Barnes*, 79 F. App'x at 701; *Hey v. Irving*, 161 F.3d 7 (5th Cir. 1998).[2]

Plaintiff also claims that Judge Briser either fined him or confined him for two days for failing to appear in court. In this respect, sentencing a defendant is, manifestly, a normal judicial function. See *Mackey v. Helfrich*, 442 F. App'x 948, 950 (5th Cir. 2011) ("[I]mposing the suspended sentence and then revoking the suspension were within his judicial functions and within the scope of his jurisdiction."); *Malina v. Gonzales*, 994 F.2d 1121, 1124 (5th Cir. 1993) (citing with approval an out-of-circuit case recognizing that judges are "immune for actions of arraigning, convicting and sentencing[.]"); *Johnson v. Kegans*, 870 F.2d 992, 997 (5th Cir. 1989); *Sleeman v. Brazoria Cty.*, 78 F.3d 582 (5th Cir. 1996).

Plaintiff attaches court minutes, which reveal that Judge Briser found him in contempt for failing to appear in court. [doc. # 11-2, p. 7]. This alleged act is, plainly, a normal judicial function. See *Morrison v. Walker*, 704 F. App'x 369, 374 (5th Cir. 2017); *Adams v. McIlhany*, 764 F.2d 294, 297 (5th Cir. 1985) (finding "no question" that a state court judge had absolute immunity for imprisoning women on grounds of contempt because these were "judicial acts" even if "wholly motivated by personal malice"); *Nalls v. LaSalle*, 568 F. App'x 303, 306 (5th Cir. 2014); *Harley-Davidson Credit Corp. v. Davis*, 2013-214 (La. App. 3 Cir. 11/6/13), 127 So. 3d 50, 55 ("The trial court has vast discretion in determining whether a party should be held in contempt for disobeying a court order . . . .").

---

[2] See also *Diaz v. Tocci*, 2016 WL 3365494, at *6 (W.D. Tex. June 16, 2016) ("[T]he fact plaintiff disagrees with the rulings made by his state trial court judges does not, standing alone, establish those rulings were taken in a complete absence of all jurisdiction or that those judges were acting outside the scope of their official judicial duties when they made the rulings adverse to plaintiff.").

6

Moreover, Plaintiff does not allege that Judge Briser acted outside of the courtroom or chambers. Likewise, Plaintiff's claim clearly "centers around" a prior proceeding before Judge Briser, and nothing indicates that the alleged acts arose outside of a visit to Judge Briser in her official capacity.[3] Plaintiff, further, does not allege that Judge Briser acted in the absence of all jurisdiction. See LA. CONST. art. V, § 16 ("[A] district court shall have original jurisdiction of all civil and criminal matters.").

Accordingly, Judge Briser is entitled to absolute judicial immunity.

**4. *Heck v. Humphrey***

Plaintiff claims that Probation Officer Chris Cagnolatti falsely arrested him on June 7, 2019, for a technical probation violation. Plaintiff maintains that Cagnolatti should not have arrested him because he did not commit a "criminal act that is subsequently proven to be [a] felony."

Plaintiff was charged with a technical violation of his probation.[4] Plaintiff "admitted to voluntarily violating probation," and a judge sentenced him to fifteen days of incarceration.[5]

Under *Heck v. Humphrey*, 512 U.S. 477 (1994), a successful civil rights action that would necessarily imply the invalidity of a plaintiff's conviction or sentence must be dismissed unless the plaintiff first shows that the conviction or sentence has been reversed, expunged, declared

---

[3] See *Morrison*, 704 F. App'x at 374 (finding judicial immunity even where the plaintiff failed to offer any allegations relating to three of the four *Ballard* factors); *Avdeef v. Royal Bank of Scotland, P.L.C.*, 616 F. App'x 665, 674 (5th Cir. 2015) ("Avdeef makes no effort to argue that Judge Chupp's actions were 'nonjudicial' in nature or were taken 'in the complete absence of all jurisdiction,' as required to overcome judicial immunity.").

[4] [doc. #s 11, p. 2; 11-2, pp. 5, 8]; TELEPHONE CALL TO CLERK OF COURT, 6TH JUDICIAL DISTRICT COURT, MADISON PARISH (Nov. 25, 2019).

[5] [doc. # 11-2, pp. 5, 8]; TELEPHONE CALL TO CLERK OF COURT, 6TH JUDICIAL DISTRICT COURT, MADISON PARISH (Nov. 25, 2019).

invalid, or called into question by a federal court's issuance of a writ of habeas corpus.

Here, prevailing on the false arrest claim would necessarily imply the invalidity of the conviction and/or sentence on the charge for which Plaintiff was arrested. "'[F]alse arrest . . . claims challenge the existence of probable cause and, thus, by their essence are collateral attacks on a criminal judgment's validity.'" *Thomas v. Pohlmann*, 681 F. App'x 401, 406 (5th Cir. 2017) (quoting *Cormier v. Lafayette City-Par. Consol. Gov't*, 493 Fed. App'x. 578, 583 (5th Cir. 2012)); *Wells v. Bonner*, 45 F.3d 90, 95 (5th Cir. 1995) ("[The plaintiff's] proof to establish his false arrest claim, i.e., that there was no probable cause to arrest [for the crime for which he was ultimately convicted], would demonstrate the invalidity of [the conviction].")).[6]

Moreover, *Heck* applies in the context of probation and parole violations. See *Eaton v. McGee*, 113 F. App'x 9, 10 (5th Cir. 2004) ("Eaton's complaint challenges the validity of his probation revocation and two additional convictions, but he has not shown that the revocation or convictions have been set aside or otherwise called into question. His claims are barred by *Heck* and, thus, have no arguable merit."); *Jackson v. Vannoy,* 49 F.3d 175, 177 (5th Cir. 1995).

---

[6] *Queen v. Purser*, 109 Fed. App'x. 659, * 1-2 (5th Cir. 2004) (former inmate's false arrest claim necessarily challenged whether evidence, which officer seized following an allegedly illegal stop, and which led to his subsequent conviction, supplied probable cause for his arrest; thus claim was not cognizable absent showing that the conviction had been invalidated); *Chande v. Moore*, 606 F. App'x 238, 239 (5th Cir. 2015) ("Because a showing that there was no probable cause for the challenged entry, search, seizure, and arrest would call into question the validity of [plaintiff's] resulting conviction for unlawful possession of a controlled substance with intent to deliver in a drug-free zone," the plaintiff's claims were barred by *Heck*); *Goldston v. City of Monroe ex rel. Monroe Police Dep't*, 621 F. App'x 274 (5th Cir. 2015).

Plaintiff may not, therefore, seek relief for the alleged unlawful arrest until his conviction and sentence are reversed, expunged, declared invalid, or called into question by a federal court's issuance of a writ of habeas corpus. The Court should dismiss this claim.[7]

**5. Medical Care**

Plaintiff seeks $10,000,000.00 from Madison Parish Correctional Center, claiming that it is responsible for failing to provide adequate medical care for his hemorrhoids. While Plaintiff briefly mentions several individuals who were involved in his care (or lack thereof), he only seeks relief from Madison Parish Correctional Center.[8]

Federal Rule of Civil Procedure 17(b)(3) provides that the "[c]apacity to sue or be sued is determined . . . by the law of the state where the court is located . . . ." Under Louisiana law, an entity must qualify as a "juridical person," which is "an entity to which the law attributes personality, such as a corporation or partnership." LA. CIV. CODE art. 24. Here, Madison Parish Correctional Center does not qualify as a juridical person. Accordingly, the Court should dismiss Plaintiff's claims against Madison Parish Correctional Center.

---

[7] *Heck* applies even when a plaintiff is no longer incarcerated and is thus no longer able to file a habeas petition. *Randell v. Johnson*, 227 F.3d 300, 301 (5th Cir. 2000); see *Queen v. Purser*, 109 F. App'x 659, 660 (5th Cir. 2004) (citing *Randell* and disagreeing with the plaintiff's argument that the "'favorable termination' requirement of *Heck* does not apply because he had completed his sentence before he filed his complaint and thus could not challenge his conviction by means of a federal habeas petition."); *Davis v. Henderson Cty. Sheriff's Dep't*, 2008 WL 4426581, at *4 (E.D. Tex. Sept. 24, 2008) (finding a plaintiff's claim foreclosed by *Heck* even though the plaintiff was no longer incarcerated and noting that the plaintiff must first overturn or set aside the conviction through, for instance, "executive clemency, as for example by the issuance of a pardon . . . .").

[8] The undersigned instructed Plaintiff to "allege facts to establish that a specific, identified individual was deliberately indifferent to a substantial risk of serious medical harm to him." [doc. # 8, p. 4].

9

## Recommendation

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff Otis Hall's claims against Judge Laurie Reis Briser be **DISMISSED WITH PREJUDICE** as frivolous, for failing to state claims on which relief may be granted, and for seeking monetary relief against a defendant immune from such relief.

**IT IS FURTHER RECOMMENDED** that Plaintiff's false arrest claim against Probation Officer Chris Cagnolatti be **DISMISSED WITH PREJUDICE** as frivolous until the *Heck* conditions are met.

**IT IS FURTHER RECOMMENDED** that Plaintiff's remaining claims be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state claims on which relief may be granted.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 26th day of November, 2019.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE